**HASBANI & LIGHT, P.C.**
Danielle P. Light, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
dlight@hasbanilight.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CROSBY CAPITAL USA, LLC

                                    Plaintiff,

               -against-

AMGUARD INSURANCE COMPANY; NAVILA ASSET MANAGEMENT INC., MIZANUR RHAMAN.

                                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

Docket No.:

Plaintiff, Crosby Capital LLC, USA ("Crosby Capital" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief:

## NATURE OF THE ACTION

1. This is an action for damages brought by Crosby Capital against Defendants for their breach of contractual duties and the implied covenant of good faith and dealing with respect to Insurance Policy and 415 Bradford Street, Brooklyn, New York 11207.

## PARTIES

2. Crosby Capital USA, LLC ("Crosby Capital") is a single-member limited liability company, limited liability company organized under the laws of the State of Delaware whose sole member is a resident of the State of Florida. For the purposes of diversity, Crosby Capital is a citizen of both Delaware and Florida.

3. AmGuard Insurance Company ("AmGuard") is a Pennsylvania corporation with a

principal place of business in Wilkes-Barre, Pennsylvania. For the purposes of diversity, AmGuard is a citizen of Pennsylvania.

4. Navila Asset Management Inc. ("Navila") is domestic New York corporation. For the purposes of diversity, Navila Asset Management Inc. is a citizen of New York State.

5. Mizanur Rhaman ("Rhaman"), upon information and belief, is a resident and citizen of the State of New York, having an address of 503 Euclid Avenue, Apt. 2F, Brooklyn, New York 11208.

## JURISDICTION AND VENUE

6. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## STATEMENT OF FACTS

9. On or about November 18, 2019, defendant Navila acquired title to the property known as 415 Bradford Street, Brooklyn, New York 11207 (the "Property" or the "Premises"). A copy of the Deed is annexed hereto as **Exhibit A**. Rhaman is the principal of Navila.

10. Crosby Capital holds a mortgage secured by the Property (the "Mortgage"). The Mortgage was recorded in the Office of the City Register of the City of New York un CRFN 2019000387551. A copy of the Mortgage is annexed hereto as **Exhibit B**. Crosby Capital was listed as a Mortgagee/Lienholder in the Insurance Policy. A copy of the Insurance Policy us annexed hereto as **Exhibit C**.

11. On or about December 5, 2019, defendant AmGuard entered into a contract (the "Insurance Policy") by which AmGuard agreed to insure the Property from loss. *See* **Exhibit C**. The Insurance Policy is identified as MIHO050055. *See id.*

12. The Insurance Policy stated that AmGuard would be paid an annual premium of $1,979.00 in consideration protection from loss at the Property. *See id.* Upon information and belief, the premiums were tendered timely.

13. The limits of liability were as such: a) Dwelling - $477,500.00; b) Other Structures - $47,750.00; c) Personal Property - $238,750.00; d) Loss of Use - $143,250.00. *See id.,* § 4.

14. Crosby Capital holds a mortgage secured by the Property (the "Mortgage"). The Mortgage was recorded in the Office of the City Register of the City of New York un CRFN 2019000387551. Crosby Capital was listed as a Mortgagee/Lienholder in the Insurance Policy. *See* **Exhibits B** and **C**.

15. Crosby Capital is entitled to all proceeds of any insurance policies covering the Property. *See* **Exhibit B**, § 1.1(g).

16. Upon information and belief, on or about December 27, 2019 a fire occurred at the Property (the "Fire").

17. A claim was submitted under the Insurance Policy for damages to the Property incurred as a result of the Fire.

18. On or about September 15, 2020, instead of remitting payment for the damage that occurred as a result of the Fire, AmGuard issued a formal denial of coverage for damages to the Property.

19. To date, AmGuard continues to refuse to remit an amount of payment under the Insurance Policy for the damage to the Property.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

20. Plaintiff repeats, realleges and incorporates all allegations made in ¶¶ 1 – 19 of this complaint as if fully set forth herein.

21. The Insurance Policy constitutes a valid contract between AmGuard and Rhaman.

22. Upon information and belief, Rhaman and Navila performed their duties under the Insurance Policy by paying the premiums to AmGuard.

23. As a result, AmGuard was under a duty to remit payment for the damage that occurred as a result of the Fire.

24. To date, AmGuard has refused to remit any amount of payment for the damage that occurred as a result of the Fire.

25. Crosby Capital is the Mortgagee of record and per the Mortgage is entitled to all proceeds of any insurance policies covering the Property. *See* **Exhibit B**, § 1.1(g).

26. As a result of AmGuard breach of the Insurance Policy, Crosby Capital suffered the following actual harm:

   a. The loss of the collateral used to secure Crosby Capital's Mortgage without proceeds to repair the premises; and

   b. Having to spend thousands of dollars in legal fees to stay the demolition of the Property as a result of the damages incurred from the Fire; and

   c. Having to spend thousands of dollars on engineers and architects to remedy the damage to the Property;

   d. Having to spend thousands of dollars to remedy the damage to the Property sustained from the Fire.

27. Therefore, AmGuard is liable to Crosby Capital for actual and statutory damages, as well as reasonable costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

28. Crosby Capital repeats and realleges and incorporates all the allegations made in ¶¶ 1 - 27 as if fully set forth herein.

29. Under the Policies, AmGuard owed Crosby Capital a duty to act in good faith and conduct fair dealing.

30. AmGuard breached that duty by failing to provide any amount of the coverage under the Insurance Policy to Crosby Capital, and by failing to deal fairly with Crosby Capital to resolve this matter.

31. As a result of AmGuard's breach of its duties under the Policies, Crosby Capital suffered the following actual harm:

   a. The loss of the collateral used to secure Crosby Capital's Mortgage without proceeds to repair the premises; and

   b. Having to spend thousands of dollars in legal fees to stay the demolition of the Property as a result of the damages incurred from the Fire; and

   c. Having to spend thousands of dollars on engineers and architects to remedy the damage to the Property;

   d. Having to spend thousands of dollars to remedy the damage to the Property sustained from the Fire.

32. Defendant is therefore liable to Plaintiff for actual, statutory, as well as reasonable costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
(Declaratory Judgment)

33. Plaintiff repeats and realleges and incorporates all the allegations made in ¶¶ 1 - 32 as if fully set forth herein.

34. There exists a valid agreement which designates Crosby Capital as a beneficiary of the Insurance Policy

35. Crosby Capital is respectfully requesting a declaratory judgment action in its favor and against AmGuard.

## PRAYER FOR RELIEF

**WHEREFORE,** Crosby Capital respectfully requests this Court:

a. Award actual damages in an amount to be determined at trial;

b. Award statutory damages as set forth above;

c. Award reasonable attorney's fees, costs and disbursements; and

d. Award such other and further relief as this Court may deem just and proper

Dated: December 8, 2020
    New York, New York

*/s/ Danielle P. Light*
Danielle P. Light, Esq.