UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CROSBY CAPITAL USA, LLC

                                  Plaintiff,                    20-cv-05990-WFK-VSB

          -against-

AMGUARD INSURANCE COMPANY;
NAVILA ASSET MANAGEMENT INC.,
MIZANUR RHAMAN,

                                  Defendants.
-----------------------------------------------------X
MIZANUR RHAMAN and
NAVILA ASSET MANAGEMENT INC.,


                                  Defendants,
                                  Cross-Claim Plaintiffs and
                                  Third-Party Plaintiffs


          -against-

AMGUARD INSURNACE COMPANY and
K.S. BILLING & ASSOCIATES INC.

                                  Cross-Claim Defendant and
                                  Third-Party Defendant

-----------------------------------------------------X


          MIZANUR RHAMAN ("Rhaman") and NAVILA ASSET MANAGEMENT INC.

("Navila") (collectively "Answering Defendants"), by their attorneys, Ross & Asmar LLC, 499,

Seventh Avenue, 23rd Floor, NY NY 10018, as and for an Answer to the Complaint, allege as

follows:


    1. Answering paragraph 1 of the Complaint, Answering Defendants decline to respond as

       the allegation makes assertions of law and calls for a legal conclusion that are not proper

and for which no response is required.  To the extent any response is required, Answering Defendants deny the allegations in paragraph 1 and denies that he breached any agreement, breached any covenant or obligation or engaged in any improper conduct.

2.  Answering paragraph 2 of the Complaint, deny knowledge of information sufficient to form a belief as to the allegations in paragraph 2.

3.  Answering paragraph 3 of the Complaint, deny knowledge of information sufficient to form a belief as to the allegations in paragraph 3.

4.  Admit the allegations in paragraph 4.

5.  Admit the allegations in paragraph 5.

6.  Admit the allegations in paragraph 6.

7.  Answering paragraph 7 of the Complaint, decline to respond as the allegation makes assertions of law and calls for a legal conclusion that are not proper and for which no response is required.

8.  Admit the allegations in paragraph 8.

9.  Admit the allegations in paragraph 9.

10. Admit the allegations in paragraph 10..

11. Admit allegations in paragraph 11.

12. Admit the allegations in paragraph 12.

13. Answering the allegations in paragraph 13, refer to the limits of liability as set forth in the policy contract.

14. Admit the allegations in paragraph 14.

15. Deny the allegations in paragraph 15.

16. Admit the allegations in paragraph 16.

17. Admit the allegations in paragraph 17.

18. Admit the allegations in paragraph 18.

19. Admit the allegations in paragraph 19.

20. Answering Defendants repeat and reallege each and every response in the foregoing paragraphs.

21. Admit the allegations in paragraph 21.

22. Admit the allegations in paragraph 22.

23. Admit the allegations in paragraph 23.

24. Admit the allegations in paragraph 24.

25. Deny the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

28. Answering Defendants repeat and reallege each and every response in the foregoing paragraphs.

29. Answering the allegations in paragraph 29, Answering Defendants admit that AmGuard had an obligation to pay the claim to Rhaman and Navila under the policy and remit payment for the damage that occurred as a result of the fire.

30. Answering the allegations in paragraph 30, Answering Defendants admit that AmGuard had an obligation to pay the claim to Rhaman and Navila under the policy and remit payment for the damage that occurred as a result of the fire.

31. Answering the allegations in paragraph 31, Answering Defendants admit that AmGuard had an obligation to pay the claim to Rhaman and Navila under the policy and remit payment for the damage that occurred as a result of the fire.

32. Answering the allegations in paragraph 32, Answering Defendants admit that AmGuard had an obligation to pay the claim to Rhaman and Navila under the policy and remit payment for the damage that occurred as a result of the fire.  Answering Defendants deny the balance of the allegations in paragraph 32.

33. Answering Defendants repeat and reallege each and every response in the foregoing paragraphs.

34. Answering paragraph 34 of the Complaint, decline to respond as the allegation makes assertions of law and calls for a legal conclusion that are not proper and for which no response is required.

35. Answering paragraph 35 of the Complaint, decline to respond as the allegation makes assertions of law and calls for a legal conclusion that are not proper and for which no response is required.

Jury Demand.  Answering Defendants demand a trial by jury on all claims.

WHERFORE, Answering Defendants request that the Court deny the relief sought in the Complaint and request dismissal of the Complaint, and for such other and further relief as the Court may deem just and proper.

## AS AND FOR CROSS CLAIMS AGAINST AMGUARD INSURANCE COMPANY AND THIRD-PARTY  CLAIMS AGAINST ADDITIONAL THIRD PARTY DEFENDANT KS BILLING & ASSOCIATES INC.

1. Mr. Mizanur Rhaman ("Rhaman") is an individual residing at 503 Euclid Avenue, Apt. 2F, Brooklyn NY 11208.

2. NAVILA ASSET MANAGEMENT INC. ("Navila") is domestic corporation doing business in New York State.

3. Rhaman and Navila are collectively "Cross Claim/Third Party Plaintiffs".

4. AmGuard Insurance Company is a Pennsylvania corporation, with its principal place of business located in Wilkes-Barre, Pennsylvania.

5. On or about November 2019, a policy of insurance was issued to Cross Claim/Third Party Plaintiffs from AmGuard to cover the premises at 415 Bradford Street, Brooklyn NY ( "the Premises").  The policy number for the insured location is MIHO050055 ("the Policy").

6. On or about November 2019, a policy of insurance was issued to Rhaman from AmGuard to cover the premises at 415 Bradford Street, Brooklyn NY ( "the Premises").  The policy number for the insured location is MIHO050055 ("the Policy").

7. The policy was sold to Cross Claim/Third Party Plaintiffs by K.S. Billing & Associates Inc. (hereinafter "KS").

8. KS is an insurance broker located at 118-12 Atlantic Avenue, South Richmond Hill, NY 11419.

9. KS is an agent of AmGuard acting on behalf of AmGuard.

10. Am Guard and KS issued the Policy to Cross Claim/Third Party Plaintiffs to provide for coverage for the Premises.

11. KS, acting as agent for AmGuard, and AmGuard advised Cross Claim/Third Party Plaintiffs that the coverage that Cross Claim/Third Party Plaintiffs purchased was the proper coverage for the Premises.

12. The policy named Rhaman.

13. Rhaman had an insurable interest in the Premises.

14. Navila had an insurable interest in the Premises as the title owner to the Premises.

15. On or about December 27, 2019, during the period of covered loss, a fire destroyed the Premises.

16. Subsequent to the fire, Cross Claim/Third Party Plaintiffs made a claim for coverage sustained to the Premsies under the policy. Cross Claim/Third Party Plaintiffs provided the necessary documentation to document the loss.

17. Cross Claim/Third Party Plaintiffs have been advised that defendant Amguard has refused to provide coverage to Cross Claim/Third Party Plaintiffs in connection with the loss to the Premises concerning the loss described herein.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
**(BREACH OF CONTRACT)**
**(Cross Claim/ Third-Party Plaintiffs Rhaman and Navila)**
**(As Against AMGUARD AND KS)**

18.  Cross Claim/Third Party Plaintiffs repeat and reallege each and every allegation in the preceeding paragraphs as if more fully set forth herein.

19. By agreement AmGuard agreed to pay Rhaman in the event of loss under the Policy.

20. AmGuard failed to pay pursuant to the terms of the policy after loss.

21. AmGuard's failure to pay the loss pursuant to the terms of the contract caused damages to Rhaman in an amount to be proven at trial, but at least in the amount of $2,000,000.

22. AmGuard's failure to pay the loss pursuant to the terms of the contract caused damages to Navila in an amount to be proven at trial, but at least in the amount of $2,000,000.

23. The conduct of AmGuard constitutes a breach of the contractual agreement with Rhaman

24. By reason of the aforesaid, AmGuard has breached its contract with Rhaman and Rhaman has been damaged in an amount to be proven at trial but in no event less than $2,000,000.

25. By reason of the aforesaid, AmGuard has breached its contract with Rhaman and Navila has been damaged in an amount to be proven at trial but in no event less than $2,000,000.

26. By reason of the aforesaid, Rhaman is entitled to recover damages to be proven at trial, but in no event damages of at least $2,000,000, as well as interest as permitted by law and attorneys fees and costs.

27. By reason of the aforsaid fraudulent conduct, Rhaman has been damaged in an amount to be proven at trial, but in no event in an amount equal to at least $2,000,000.

28. By reason of the aforesaid, Cross Claim/Third Party Plaintiffs are entitled to recover damages to be proven at trial, but in no event damages of at least $2,000,000, as well as interest as permitted by law and attorneys fees and costs.

29. By reason of the aforesaid fraudulent conduct, Cross Claim/Third Party Plaintiffs have been damaged in an amount to be proven at trial, but in no event in an amount equal to at least $2,000,000.

**<u>AS AND FOR A SECOND CAUSE OF ACTION</u>**
**(NEGLIGENCE)**
**(Cross Claim/ Third-Part Plaintiffs Rhaman and Navila)**
**<u>(As Against AMGUARD and KS)</u>**

30. Cross Claim/Third Party Plaintiffs repeat and reallege each and every allegation in the preceeding paragraphs as if more fully set forth herein.

31. KS is an insurance broker located at 118-12 Atlantic Avenue, South Richmond Hill, NY 11419.

32. KS is an agent of AmGuard acting on behalf of AmGuard.

33. Am Guard issued the Policy to Rhaman to provide for coverage for the Premises.

34. KS, acting as agent for AmGuard, advised Rhaman that the coverage that Rhaman purchased was the proper coverage for the Premises.

35. Rhaman purchased the AmGuard policy based on the recommendation of KS.

36. KS and Amguard failed to provide reasonable and accurate advice regarding the proper policy for Rhaman.

37. As a result of KS's negligence and without any negligence on the part of Rhaman, Rhaman was issued the wrong policy.

38. As a result of KS's negligence and without any negligence on the part of Rhaman, Rhaman has been damaged in an amount to be proven at trial but in no event less than $2,000,000.

39. As a result of KS's negligence and without any negligence on the part of Navila, Navila has been damaged in an amount to be proven at trial but in no event less than $2,000,000.

## AS AND FOR A THIRD CAUSE OF ACTION
**(DECLARATORY JUDGMENT)**
**(Cross Claim/ Third-Party Plaintiffs Rhaman and Navila)**
**(AS AGAINST AMGUARD)**

40. Cross Claim/Third Party Plaintiffs repeats and realleges each and every allegation in the preceeding paragraphs as if more fully set forth herein.

41. Cross Claim/Third Party Plaintiffs were provided with a certificate of insurance demonstrating that a policy of insurance with AmGuard was in effect on the date of the loss.

42. All defendants mentioned herein acted at all times under the actual authority and/or apparent authority of AmGuard and with the knowledge of AmGuard.

43. Cross Claim/Third Party Plaintiffs require a declaration of the rights and/or obligations of defendant AmGuard with respect to a claim made against all defendants during the applicable policy in accordance with the applicable provisions of the policy and the law related to declaratory judgment.

44. Cross Claim/Third Party Plaintiffs request that AmGuard pay on behalf of its Rhaman, its insured or their legal representatives all loss or damages which Rhaman, the insured or their legal representatives shall be legally entitled to receive relating to the Premies.

WHEREFORE,

Cross Claim/Third Party Plaintiffs have been damaged and respectfully demands damages from all defendants jointly and severally as follows:

On the First Cause of Action, damages in an amount to be proven at trial but in no event damages less than $2,000,000 with interest as required by law and attorneys' fees and costs of this action; and

On the Second Cause of Action, damages in an amount to be proven at trial but in no event damages less than $2,000,000 with interest as required by law and attorneys' fees and costs of this action; and

On the Third Cause of Action, a declaration of the rights and/or obligations of defendant AmGuard with respect to a claim for loss under the Policy made by Rhaman and/or Navila concerning the Premises during the applicable loss periods of the Policy in accordance with the

law related to declaratory judgment; and any other and further relief as this Court deems just and proper.

Dated:  New York, New York
      January 12, 2021

ROSS & ASMAR LLC
By:  Steven B. Ross (SR 5059)
499 Seventh Avenue, 23rd Floor
New York, New York, 10018
(212) 736-4202
(212) 736-2873 facsimile
steven@rossasmar.com