**MANDATE**

24-848-cv
*Crosby Capital USA LLC v. AmGuard Insurance Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-five.

Present:

> DENNIS JACOBS,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

CROSBY CAPITAL USA LLC,

> *Plaintiff-Appellant,*

v.                                                          24-848-cv

AMGUARD INSURANCE COMPANY,

> *Defendant-Appellee,*

NAVILA ASSET MANAGEMENT INC,
K.S. BILLING & ASSOCIATES INC,
MIZANUR RHAMAN,

> *Defendants.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | Rafi Hasbani, Hasbani & Light, P.C., New York, NY. |
| For Defendant-Appellant: | Yale Glazer, Lazare Potter Giacovas & Moyle LLP, New York, NY. |

MANDATE ISSUED ON 02/27/2025

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Crosby Capital USA, LLC ("Crosby") appeals from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *District Judge*) entered on March 6, 2024, granting summary judgment to Defendant-Appellee AmGuard Insurance Company ("AmGuard") and denying Crosby's motion to amend its Complaint. Crosby alleged it had provided a mortgage loan for a property covered by an insurance policy from AmGuard, and that AmGuard breached the policy and the implied covenant of good faith and fair dealing by denying Crosby's claim for a policy payout. Crosby represented to the district court that it was the holder of both the promissory note and the mortgage on the property, and argued it was therefore entitled to payment. The district court dismissed the case, finding that Crosby had previously transferred the note to another party and therefore lacked standing under the policy to bring the action. *See Crosby Cap. USA, LLC v. AmGuard Ins. Co.*, No. 20-cv-5990, 2024 WL 964709 (E.D.N.Y. Mar. 6, 2024).[1] We assume the parties' familiarity with the case.

## I. Grant of Summary Judgment

We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor. *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). "Summary judgment is required if 'there is no genuine dispute as to any

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

material fact and the movant is entitled to judgment as a matter of law.'" *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (quoting Fed. R. Civ. P. 56(a)). "Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." *Bustamante v. KIND, LLC*, 100 F.4th 419, 432 (2d Cir. 2024).

Under New York law, "the [promissory] note . . . is the dispositive instrument that conveys standing[.]" *Aurora Loan Servs., LLC v. Taylor*, 34 N.E.3d 363, 366 (N.Y. 2015). The parties do not dispute that Crosby transferred its promissory note for the property covered by the insurance policy to a person named Simon Leger via an allonge dated July 7, 2020, before the commencement of this lawsuit. However, Crosby argues on appeal that it is the "holder" of the note, and accordingly that it has "every right to enforce all rights under the note"; it argues further that it is the "servicer" of the note, and for this reason it has the right to "act on behalf of Leger." Appellant Br. 14. We agree with the district court that these arguments fail.

Though Crosby argues in its brief "that it is in fact the holder of the note," Appellant Br. 13, the only evidence in the record shows that it is not. The allonge indicating transfer of the note from Crosby to Leger is attached to the promissory note for the property, App'x 348, and at a deposition taken in this case, a Crosby representative conceded that Leger was the holder of the note, App'x 841. The summary judgment record contains no evidence to the contrary. And indeed, Crosby's counsel also represented to the district court in a separate proceeding that Leger was the owner and holder of the note. App'x 337. In the face of all this evidence, Crosby's unsupported assertion that it holds the note does not create a genuine issue of material fact that can defeat summary judgment. *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). Thus, Crosby has failed to establish it has standing under the insurance policy to bring this suit in its own name.

3

Crosby also failed to plead or prove that it brought this lawsuit on behalf of Leger. The Complaint itself states that "[t]his is an action for damages brought by Crosby Capital against Defendants." App'x 525 ¶ 1. Additionally, Crosby alleges that it: (i) "holds a mortgage secured by the Property" and is "listed as a Mortgagee/Lienholder in the Insurance Policy," App'x 527 ¶ 14; (ii) "is entitled to all proceeds of any insurance policies covering the Property," App'x 528 ¶ 25; and (iii) "suffered . . . [t]he loss of the collateral used to secure [its] Mortgage," App'x 528 ¶ 26, 26(a). There is no mention of Leger anywhere in the Complaint. The Complaint does not mention that Crosby transferred the promissory note to Leger, nor does it mention Crosby's role as mortgage servicer. Thus, Crosby did not allege—much less provide evidence at the summary judgment stage—that it brought this action on behalf of Leger.

Crosby argues that AmGuard waived any defense with respect to standing because it failed to raise it in its answer or pre-answer motion to dismiss. Waiver, however, is the "*intentional* relinquishment of a *known* right." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999) (emphases added). Crosby does not point to any evidence in the record that AmGuard was aware Leger was the holder of the note at the pleadings stage. AmGuard did not have an opportunity to confirm that fact until the deposition of Crosby's representative on October 8, 2021, almost a year after this suit was filed. While AmGuard likely learned of the allonge transferring the note to Leger before October 8—the record reflects that AmGuard's counsel produced the allonge and asked questions about it during the deposition—Crosby has identified no evidence that AmGuard knew about the transfer when it filed its answer. AmGuard raised the issue at the next appropriate stage of litigation—summary judgment. Given Crosby's misrepresentation at the pleading stage that it was the holder of the note, we find AmGuard did not waive its challenge to Crosby's standing by failing to raise this defense in its answer.

4

Accordingly, the district court properly held Crosby lacked standing to bring suit and dismissed its claims.

## II.    Denial of Motion to Amend Complaint

Crosby also argues that the district court abused its discretion by denying its motion to amend its Complaint to add Leger as a party.  Crosby filed its motion to amend at the summary judgment stage, well after the close of discovery and over a year and a half after it first filed suit. Indeed, it was not until the pre-motion conference, when the district court inquired as to whether Crosby was in fact a proper plaintiff, that Crosby expressed any desire to amend its Complaint. Crosby eventually brought a motion to amend its Complaint under Federal Rule of Civil Procedure 15(a) (though the rule governing party substitution is Rule 17(a)(3)).  The district court's decision under either Rule is reviewed for abuse of discretion.  *See Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010); *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015).

The district court did not abuse its discretion by denying Crosby's late-filed motion to amend its Complaint.  Both Rule 15 and Rule 17 allow the district court to deny a motion to amend the complaint for bad faith on the part of the movant or undue prejudice to the opposing party.  *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *Klein ex rel. Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 226 (2d Cir. 2018).  We discern no error in the district court's determination that both bad faith and prejudice were present here.  Crosby's misrepresentation that it was the holder of the note, knowing it had transferred the note to Leger and while Crosby's same counsel represented Leger as the holder in a separate proceeding filed only three months before this case, supports the finding of bad faith on the part of Crosby. AmGuard would also be unduly prejudiced if Leger were now added as a party, years after the

Complaint was filed in this case—discovery would have to be re-opened, and summary judgment would have to be re-briefed. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985). Accordingly, the district court properly denied Crosby's motion to amend.

*   *   *

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit